Filed 2/4/16  McNeely v. Arenas CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DOCK MCNEELY,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>LILLIAN ARENAS,<br><br>     Defendant and Respondent. | A144982<br><br>(Alameda County<br>Super. Ct. No. RG15760569) |

Dock McNeely, acting in propria persona, sought a civil harassment restraining order against a deputy probation officer, Lillian Arenas, claiming she had no authority to supervise him under the Postrelease Community Supervision Act of 2011 (the Act; Pen. Code, § 3450 et seq.).  After the conclusion of the evidentiary hearing, McNeely sought a continuance, which was denied along with his petition for a restraining order.  On appeal, McNeely contends the trial court abused its discretion by denying his request for a continuance.  We dismiss the appeal because it is moot.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 25, 1994, McNeely pleaded guilty to one count of continuous sexual abuse of a child.  As a result, he was placed on five years' probation and required to register as a sex offender.  (*People v. McNeely* (Oct. 7, 2010, C063051) [nonpub. opn.].)[1]

---

[1] We cite this unpublished opinion to explain the factual background of the instant case and not as legal authority.  (See *Conrad v. Ball Corp.* (1994) 24 Cal.App.4th 439, 443–444, fn. 2.)

1

In 2009, he was convicted of failure to register within five days of coming into a city or county and failure to register as a sex offender annually within five days of his birthday. He was sentenced to an aggregate term of seven years and four months in prison.

On October 28, 2014, McNeely was released from prison on postrelease supervision, pursuant to the Act. He was initially supervised by the Sacramento County Probation Department. After McNeely moved to Oakland in late 2014, McNeely's supervision was transferred to the Alameda County Probation Department (the Department). In connection with her official duties as a deputy probation officer, Arenas was assigned to supervise McNeely. Arenas and McNeely had no other interaction.

On March 2, 2015, McNeely filed a civil harassment restraining order request.[2] He asserted that the Department had no jurisdiction to supervise him under the Act because the Ninth Circuit had granted his habeas corpus petition challenging his pretrial detention in a separate criminal case. (*McNeely v. Blanas* (9th Cir. 2003) 336 F.3d 822, 824–825, 832.)

McNeely's ex parte request for a temporary restraining order was denied and a hearing was set for March 20, 2015. The trial court heard evidence on March 20 and tentatively denied McNeely's petition. The matter was continued to March 25 in order

---

[2] Civil harassment restraining orders are governed by Code of Civil Procedure section 527.6, which provides in pertinent part: "(a)(1) A person who has suffered harassment as defined in subdivision (b) may seek a temporary restraining order and an order after hearing prohibiting harassment as provided in this section. [¶] . . . [¶] (b) . . . [¶] . . . [¶] (3) 'Harassment' is unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, *and that serves no legitimate purpose*. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner. [¶] . . . [¶] (g) *Within 21 days*, or, if good cause appears to the court, 25 days from the date that a petition for a temporary order is granted or denied, a hearing shall be held on the petition. . . . [¶] . . . [¶] (i) At the hearing, the judge shall receive any testimony that is relevant, and may make an independent inquiry. If the judge finds by clear and convincing evidence that unlawful harassment exists, an order shall issue prohibiting the harassment." (Italics added.)

for the trial court to finalize the tentative ruling and consider an award of attorney fees and costs.

On March 25, 2015, McNeely appeared and sought a continuance. In support, he stated: "Yesterday I had a meeting scheduled at 5:00 p.m. with an attorney who would represent me in this case, but he had a contingency which prevented our meeting. And I would like to obtain counsel to present . . . further evidence . . . ." The trial court denied the request and entered an order denying McNeely's petition for an injunction. The court explained: "There is one factor leaning in [favor of McNeely's request for a continuance], that is, his wish to get an attorney, but there are overwhelming factors against that. He's actually the one who brought the action. The second thing is this is supposed to be an expeditious hearing, . . . it's not supposed to be dragged out. [¶] The other thing is based on what I've seen, this could be deemed frivolous or meritless or a malicious prosecution. At best for [McNeely] this is an abuse of process . . . it's not meritless, but he's totally in the wrong court." McNeely filed a timely notice of appeal.

## II.   DISCUSSION

On appeal, McNeely does not challenge the substantive basis for the trial court's order denying the restraining order. Instead, McNeely only contends the trial court abused its discretion by refusing his request for a continuance. However, it is undisputed that McNeely has now been discharged from postrelease supervision under the Act and that any request for injunctive relief is now moot. (*Simi Corp. v. Garamendi* (2003) 109 Cal.App.4th 1496, 1503 ["[a] case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief"]; *Syngenta Crop Protection, Inc. v. Helliker* (2006) 138 Cal.App.4th 1135, 1158 ["an injunction operates prospectively"].) Whether the trial court abused its discretion in denying McNeely's request for a continuance is not a question of broad public interest that is likely to recur. (See *Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1088.) Nor does McNeely argue that we should apply any other discretionary exception to the mootness doctrine. Accordingly, we dismiss McNeely's appeal.

3

### III. DISPOSITION

The appeal is dismissed as moot. Respondent is to recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

_____
BRUINIERS, J.


WE CONCUR:


_____
SIMONS, Acting P. J.


_____
NEEDHAM, J.


A144982

5